IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHONDA CHAPMAN**, individually, and as the parent and natural guardian of J.D.C., a minor, | : : : | |
| Plaintiff | : : | No. 1:14-cv-00192 |
| v. | : : | (Judge Kane) |
| **PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, JAMES T. ZACK, FRANCIS M. MAJIKES, JAMES B. MANNERS, ROBERT A. LOMBARDI,** and **RONALD KENNEDY,** | : : : : : : | |
| Defendants | : | |

## MEMORANDUM

Before the Court is Plaintiff's motion for an expedited preliminary injunction hearing (Doc. No. 4). For the reasons that follow, the Court will deny the motion.

### I.   BACKGROUND

Plaintiff in the above-captioned action is Shonda Chapman, individually, and as the parent and natural guardian of J.D.C., a minor. (Doc. No. 1-1.) As of the beginning of the 2013-2014 school year, J.D.C. is a full-time home-schooled student, reporting to the Susquehanna Township School District. (Id. ¶¶ 12, 16.) In September 2013, his parents also enrolled him in two classes at Covenant Christian Academy, a private school, for which they paid $500 tuition and a $75 activity fee. (Id. ¶¶ 13-14.) Although Covenant Christian agreed to allow J.D.C. to play on its sports teams, Defendant Pennsylvania Interscholastic Athletic Association (PIAA) ruled J.D.C. ineligible. (Id. ¶¶ 20-22.) Defendant explained that a home-schooled student with less than full-time enrollment in a private school is ineligible to play at that school. (Id. ¶¶ 25-

31.) The PIAA by-laws provide that a home-schooled student is only eligible to play sports at the public school he would otherwise attend by virtue of his residence; in J.D.C.'s case, the Susquehanna Township School District. (Id. ¶¶ 40-44.) While J.D.C. is allowed to practice with Christian Covenant, he is not permitted to play in games. (Id. ¶ 36.)

On January 31, 2014, Plaintiff filed a civil action in the Court of Common Pleas of Dauphin County, Pennsylvania seeking declaratory and injunctive relief. (Doc. No. 1-1.) Named as Defendants in addition to the PIAA are James T. Zack, Francis M. Majikes, James B. Manners, Robert A. Lombardi, and Ronald Kennedy. (Id.) Plaintiff alleges that Defendants' interpretation of the relevant policies and rules prohibiting him from competing with the Covenant Christian basketball team, violates the Fourteenth Amendment to the United States Constitution. (Id. ¶ 65.) Specifically, she alleges that it violates her fundamental right to direct the education of her son. (Id. ¶ 60.) She further alleges that she has a protected liberty interest in the benefits of paying an activity fee to further her child's education without arbitrary and irrational government interference. (Id. ¶ 63.)

On February 4th, 2014, Defendants removed the action to this Court, two days before a scheduled hearing on Plaintiff's request for injunctive relief. (Doc. No. 1.) Plaintiff then filed a "motion for an expedited hearing" regarding her request for a preliminary injunction. (Doc. No. 4.) The motion is fully briefed and ripe for disposition.

## II.  DISCUSSION

Plaintiff moves the Court to hold an expedited preliminary injunction hearing based on Federal Rules of Civil Procedure 65(b)(3) and 6(c)(1)(c). (Doc. No. 5 at 3-5.) She insists that time is of the essence as J.D.C. has already missed the entire soccer season and most of the

basketball season.  (Id. at 2.)  Further, as Covenant Christian will participate in the post-season "playoffs," there is at least one more game in which J.D.C. will be able to participate were the Court to grant the requested relief.  (Doc. No. 7 at 1-2.)  Defendants contend that the Court should not order an expedited hearing that does not provide them time to prepare their arguments, as the requested relief is without basis under the applicable rules and law governing the granting of preliminary relief.  (Id. at 3-5.)

Rule 65(b)(3) of the Federal Rules of Civil Procedure provides for an expedited hearing when a temporary restraining order has been granted without notice to the adverse party.  In that case, the hearing must be set "at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character."  Fed.R.Civ.P. (65)(b)(3).  Here, no TRO has been ordered or requested, so Rule 65(b)(3) does not apply.  Plaintiff's assertion that "[i]t follows that the Plaintiff who gave proper notice of the request for injunctive relief, and who continues to accrue harm should also be given the benefit of a speedy hearing" is without support.  (Doc. No. 5 at 4.)

Plaintiff also cites Rule 6(c)(1)(c) of the Federal Rules of Civil Procedure, which provides that:

> A written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing, with the following exceptions:
>
> (A) when the motion may be heard ex parte;
>
> (B) when these rules set a different time; or
>
> (C) when a court order—which a party may, for good cause, apply for ex parte—sets a different time.

Fed.R.Civ.P. 6(c)(1)(c).  Plaintiff thus concludes that the Court should utilize its discretion and

order an expedited hearing because there is good cause to do so.  (Doc. No. 5 at 4.)

The Court finds that no good cause exists that would mandate holding an expedited hearing.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (emphasis added).  As Plaintiff has not yet provided the Court with any reason to believe that Plaintiff will suffer an irreparable harm, there is no reason for the Court to conclude that a failure to expedite the preliminary injunction hearing will in turn add to any irreparable harm.  Defendant cites ample case law for the proposition that missing school sporting events is not an irreparable harm justifying a preliminary injunction.  (Doc. No. 6 at 3-4.)  See, e.g., Dziewa v. Pennsylvania Interscholastic Athletic Ass'n, Inc., No. 08-5792, 2009 WL 113419, at *7 (E.D. Pa. Jan. 16, 2009) ("This Court, as well as all other federal courts, have previously and consistently held that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm.  Further, Pennsylvania courts have made similar determinations, finding that the loss of an opportunity to play interscholastic athletics for one year does not constitute irreparable harm.").  In contrast, Plaintiff has not provided the Court any legal support for her argument that Defendants' adverse ruling on J.D.C.'s eligibility for upcoming basketball games constitutes an irreparable harm.

Moreover, the Court finds that holding an expedited hearing would prejudice Defendants by depriving them of adequate time to prepare briefing and argument on the preliminary injunction motion, or the opportunity to engage in discovery.  To date, Plaintiff has not yet filed

a brief in support of its preliminary injunction for which Defendants may prepare a response.

The motion for an expedited hearing will be denied, the Court finding no legal authority to support the extraordinary requested relief. The Court will address the merits of Plaintiff's request for a preliminary injunction in due course. An order consistent with this memorandum follows.